UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| RALPH VASQUEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 1:04-CV-252/1:01-CR-61 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM**

Before the Court is the motion of *pro se* petitioner Ralph Vasquez ("Petitioner") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Court File No. 1). In compliance with the Court's Order (Court File No. 2), the Government filed a response to Petitioner's motion (Court File No. 5). After careful consideration of the motion and the response and for the following reasons, the Court will **DENY** Petitioner's motion to vacate, set aside, or correct his sentence.[1]

### I. FACTUAL AND PROCEDURAL BACKGROUND

On March 21, 2001 Petitioner was indicted on three counts related to illegal drug activity and illegal possession of a firearm (Crim. Court File No. 1; Presentence Investigation Report ("PSR") at ¶ 1). Later, on May 22, 2001 a superseding indictment was filed adding additional co-

---

[1] In accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court has considered all of the pleadings and filings in petitioner's § 2255 motion filed herein, which will be cited by the Court File Number assigned to the particular pleading or motion (*e.g.*, "Court File No. 1"), and all the files, records, transcripts, and correspondence relating to Petitioner's conviction in Criminal Docket No. 1:01-CR-61, which will be referred to by the Court File Number assigned to the particular matter in the underlying criminal case (*e.g.*, "Crim. Court File No. 1").

conspirators (Crim. Court File No. 35; PSR at ¶ 1). Petitioner entered into a plea agreement with the Government on June 15, 2001 (Crim. Court File No. 85). Pursuant to the plea agreement, Petitioner pleaded guilty to (1) conspiring to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), & 841(b)(1)(B); and (2) knowingly carrying a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c) (Crim. Court File No. 85, PSR at ¶¶ 1-3).

On September 6, 2001 Petitioner entered a guilty plea (Crim. Court File No. 84). The factual basis in support of the guilty plea provides as follows:

> Witnesses would testify that in the Eastern District of Tennessee, the defendants [Petitioner] and Rose traveled from north Georgia to Meigs County, TN with a substantial amount of methamphetamine, which they delivered to a confidential informant and an undercover TBI agent. Rose drove the automobile with [Petitioner] as the passenger. After Rose and [Petitioner] were arrested in Meigs County, police found a loaded .45 caliber handgun in the passenger compartment of the automobile. After advice and waiver of rights, Rose and [Petitioner] admitted Rose had acquired the methamphetamine from Erik Estrada in Dalton, Georgia and that [Petitioner] was sent along by Estrada to monitor the deal. Shortly after the arrests and at police urging, [Petitioner] made at least one telephone call to Estrada. [Petitioner] told Estrada that he and Rose were in custody but that he had managed to hide the methamphetamine before they were arrested. Estrada asked what had happened to the money which Rose and [Petitioner] were supposed to get from the Meigs County transaction. Estrada agreed to come to Meigs County to bond out [Petitioner] and a short time later Estrada was observed by agents at the Meigs County jail.
>
> Meanwhile, the Georgia Bureau of Investigation (GBI) was also investigating Estrada. In March 2001, in and around Dalton, Georgia, the GBI developed a confidential informant who was able to buy methamphetamine from Estrada. On at least three occasions in March, 2001, Estrada delivered substantial amounts of methamphetamine to the informant at a hotel room in Dalton. The room was wired and transactions were recorded on audio and video tape. On the last such transaction in which Estrada delivered a large quantity of methamphetamine to the informant, defendant Garnica drove Estrada to the hotel and waited in the parking lot for Estrada. Garnica was arrested as he waited in the car outside the hotel. On his person was a substantial amount of cash.
>
> Several witnesses, including at least two codefendants, would testify that Garnica

2

was supplying Estrada with methamphetamine and that Estrada was distributing that methamphetamine in the Northern District of Georgia and in the Eastern District of Tennessee. In particular, at least one codefendant would testify that the methamphetamine delivered by Rose and [Petitioner] to Meigs County was supplied to Estrada by Garnica.

(Crim. Court File No. 86; *see also* PSR at ¶¶ 7-13).

Before Petitioner was sentenced, a Presentence Investigation Report ("PSR") was prepared. His base offense level was thirty-two under United States Sentencing Guidelines Manual ("USSG") § 2D1.1(c)(4) because he helped deliver one pound of methamphetamine and he participated in the planning of a future delivery of two additional pounds of methamphetamine (PSR at ¶¶ 13, 18). The base offense level was reduced two levels because he was a minor participant under USSG § 3B1.2(b) (PSR at ¶ 19). The offense level was then decreased by three levels for Petitioner's acceptance of responsibility pursuant to USSG § 3E1.1(a) & (b) (PSR at ¶ 26). Petitioner's criminal history category was III (PSR at ¶ 35). The effective Guideline range for imprisonment was 147-168 months (PSR at ¶ 48).

Prior to the sentencing hearing, the Government moved pursuant to USSG § 5K1.1 to sentence Petitioner below the effective Guideline range in light of Petitioner's substantial assistance (Crim. Court File No. 89). The Court granted the Government's motion, reducing Petitioner's offense level to twenty, resulting in an effective Guideline range for imprisonment of 101-111 months (Crim. Court File No. 110, Jan. 4, 2002 sentencing hearing transcript ("Sentencing Tr."), at p. 54). At the sentencing hearing, Petitioner objected to having the additional two pounds of methamphetamine attributed to him and argued his base offense level was thirty under USSG § 2D1.1(c)(5) (Sentencing Tr. at pp. 40-43; PSR Addendum). The Court overruled his objection (Sentencing Tr. at p. 44) and sentenced Petitioner to 101 months imprisonment (*Id.* at p. 62).

3

A final judgment was entered on February 8, 2002 (Crim. Court File No. 100). Petitioner appealed his sentence to the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit").[2] After Petitioner's ground for appeal was rejected by the Sixth Circuit (Crim. Court File Nos. 113, 114), Petitioner filed a writ of certiorari with the United States Supreme Court which was denied on April 19, 2004. *Vasquez v. United States*, 541 U.S. 1004 (2004).

The Court received this Petition to vacate, set aside, or correct conviction pursuant to 28 U.S.C. § 2255 on August 20, 2004 (Court File No. 1). The Petition was timely filed within the statutory one-year limitation period. 28 U.S.C. § 2255(1).[3]

Having reviewed the materials thus submitted, together with the complete record of the underlying criminal case, the Court finds they conclusively show Petitioner is not entitled to relief on the claims asserted. Accordingly, the Court will decide the matter without an evidentiary hearing, explaining its reasoning as it addresses each of Petitioner's asserted grounds for relief. *See United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir.), *cert. denied*, 508 U.S. 943, 113 S. Ct. 2423,

---

[2] On appeal Petitioner argued this Court erred when it attributed the additional two pounds of methamphetamine in determining Petitioner's base offense level. *United States v. Vasquez*, 352 F.3d 1067, 1070 (6th Cir. 2003). His argument was rejected. *Id.* at p. 1073-74.

[3] 28 U.S.C. § 2255, provides, in part:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

4

124 L. Ed. 2d 644 (1993).

## II.   DISCUSSION

Section 2255 of Title 28 of the United States Code permits a prisoner in custody under sentence of a federal court to move the court which imposed the sentence to vacate, correct, or set aside that sentence, on the grounds:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255. This Court has jurisdiction under 28 U.S.C. § 1331. Petitioner has the burden of establishing any claim asserted in the petition. *See Bowers v. Battles*, 568 F.2d 1 (6th Cir. 1977); *Mayes v. United States*, 93 F. Supp. 2d 882, 886 (E.D. Tenn. 2000).

Where a constitutional error is alleged, in order to obtain relief under § 2255 the record must reflect a constitutional error of such magnitude it had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38, 113 S. Ct. 1710, 1721-22, 123 L. Ed. 2d 353 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). "To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process.'" *Gail v. United States*, 21 F.3d 107, 109 (6th Cir. 1994) (citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)). Thus, "[a] motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

5

Petitioner argues the Court should grant his Petition because (1) the Government failed to disclose facts that would have established Petitioner could not have participated in the future two-pound drug transaction; (2) his sentence was improperly increased based upon transactions not part of the completed transaction for which Petitioner was arrested; (3) the Sixth Circuit erred when it stated the loaded firearm was found in plain view; and (4) Petitioner's life was endangered when he was incarcerated in the same prison as his co-defendant, Hector Garnica ("Garnica") (Court File No. 1).

With the exception of a claim of ineffective assistance of counsel, a petitioner procedurally defaults a claim by failing to raise it on direct review. *See Bousley v. United States*, 523 U.S. 614, 621, 118 S. Ct. 1604, 1610, 140 L. Ed. 2d 828 (1998). Petitioner raised his second claim on direct review but he did not raise his other three claims in that appeal. A procedurally defaulted claim may only be raised in a § 2255 motion if the petitioner can first demonstrate either (1) "cause" to excuse his failure to raise the claim previously and actual "prejudice" resulting from the alleged violation, or (2) "actual innocence." *Id.* at 622, 118 S. Ct. at 1611; *Peveler v. United States*, 269 F.3d 693, 698-700 (6th Cir. 2001). Petitioner has not attempted to demonstrate his "actual innocence." Petitioner tries to demonstrate "cause" by stating he has a "lack of [legal] orientation" and "insufficient funds for [legal] assistance" (Court File No. 1, p. 6). The Court concludes Petitioner has failed to establish "cause" to excuse his failure to raise three of his claims on direct review. Petitioner's lack of legal training is insufficient to establish cause. *See Rodriguez v. Maynard*, 948 F.2d 684, 688 (10th Cir. 1991); *Vasquez v. Lockhart*, 867 F.2d 1056, 1058 (8th Cir. 1988); *Torres Rosa v. United States*, 146 F.Supp. 2d 129, 131-32 (D. P.R. 2001). Further, although Petitioner may not have had enough money to retain counsel on appeal, he was appointed appellate

6

counsel. His appellate counsel could have raised each of his claims on appeal. Therefore, Petitioner's financial status does not establish cause. Accordingly, Petitioner's first, third, and fourth claims for relief are procedurally barred. Nevertheless, the Court will address each of Petitioner's claims below because he would not succeed even if they were not barred.

### A. Government's Alleged Failure to Disclose

Petitioner's first claim for relief is based on the Government's alleged failure to disclose facts that possibly would have established Petitioner was not reasonably capable of participating in the future two-pound drug transaction. *See* USSG § 2D1.1, comment., n.12 (2001) ("If . . . the defendant establishes that he or she . . . was not reasonably capable of providing, the agreed-upon quantity of the controlled substance, the court shall exclude from the offense level determination the amount of controlled substance that the defendant establishes that he was or she . . . was not reasonably capable of providing"). Petitioner contends the Government should have disclosed to the Court he lacked the transportation and money to complete a future two-pound methamphetamine transaction as well as the fact two of his co-defendants, Reginald Rose ("Rose") and Garnica, had a relationship of trust. Even assuming these allegations are true and further assuming the Government failed to disclose these facts, Petitioner has failed to establish (1) an error of constitutional magnitude, (2) he was sentenced outside statutory limits, or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid. *Weinberger*, 268 F.3d at 351. Petitioner, not the Government, has the burden of proving he was not capable of providing the additional two pounds of methamphetamine. *Vasquez*, 352 F.3d at 1071. Thus, it was Petitioner's responsibility to inform the Court of his supposed lack of transportation and money, and the confidential relationship between Rose and Garnica. Accordingly, the Court will **DENY** Petitioner's

request for relief on this ground.

### B. Increased Sentence

At sentencing, on appeal, and again on collateral review, Petitioner argues the additional two pounds of methamphetamine should not have been attributed to him because he was not reasonably capable of providing the additional two pounds of methamphetamine. Petitioner's argument has already been rejected by this Court and by the Sixth Circuit. "Absent exceptional circumstances, or an intervening change in the case law, [Petitioner] may not use his § 2255 petition to relitigate this issue." *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999). The Court is unaware of any exceptional circumstances or a change in the case law. Accordingly, the Court will **DENY** Petitioner's request for relief on this ground.

### C. Location of the Firearm

When Petitioner appealed his sentence, the Sixth Circuit summarized the background of the case. *See Vasquez*, 352 F.3d at 1068-69. In its summary, the court mentioned Tennessee Bureau of Investigation agents "searched the car that . . . [Petitioner] used . . . [and] found a loaded Colt .45 in *plain view*." *Id.* at 1069 (emphasis added). Petitioner contends the Sixth Circuit misstated the location of the gun because the gun was actually found in the glove compartment. However, according to the agreed factual basis, the agents "found a loaded .45 caliber handgun in the *passenger compartment* of the automobile" (Crim. Court File No. 86 (emphasis added)). Thus, the Sixth Circuit did not misstate the location of the handgun. Nonetheless, Petitioner's conviction under 18 U.S.C. § 924(c) is valid regardless of whether the handgun was in plain view or found in the glove box. The important fact is the firearm was with Petitioner when he and Rose delivered the methamphetamine in March 2001. Therefore, despite the Sixth Circuit's plain view statement, it is

8

clear Petitioner has failed to show (1) an error of constitutional magnitude, (2) he was sentenced outside statutory limits, or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid. *Weinberger*, 268 F.3d at 351. Accordingly, the Court will **DENY** Petitioner's motion based on the Sixth Circuit's plain view statement.

### D. Incarceration in the Same Prison as Co-defendant Garnica

Lastly, Petitioner claims his conviction and sentence should be vacated, set aside, or corrected because he was placed, after he was sentenced, in the same federal prison as his co-defendant Garnica, which endangered his life. In other words, since Petitioner is susceptible to abuse in prison by this co-defendant, his sentence should be reduced. *See Koon v. United States*, 518 U.S. 81, 111-12 (1996) (explaining "susceptibility to abuse in prison" is a proper basis for a downward departure). Petitioner's challenge to his sentence on this ground cannot lie. His susceptibility to abuse arose *after* he was sentenced. Therefore, he has not presented an error of constitutional magnitude, an error resulting in a sentence outside statutory limits, or an error of fact or law that is so fundamental as to render the entire proceeding invalid. *Weinberger*, 268 F.3d at 351. If Petitioner feels he is in danger, he should request the Bureau of Prisons transfer him to another facility.

## III. CONCLUSION

For the reasons stated above, the Court holds Petitioner's conviction and sentencing were not in violation of the Constitution or laws of the United States, and the motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be **DENIED**.

The Court must now consider issues that may arise if Petitioner files a notice of appeal.

Section 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion.[4] Section 2255 now incorporates the old habeas procedure of issuing or denying a certificate of probable cause, now renamed a certificate of appealability. No § 2255 petitioner may appeal without this certificate. District judges may issue certificates of appealability under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which codifies the standard for issuing a certificate of probable cause originally articulated in *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983). *See Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997). "A certificate of probable cause requires petitioner to make a 'substantial showing of the denial of [a] federal right.'" *Barefoot*, 463 U.S. at 893, 103 S. Ct. at 3394. *See also* 28 U.S.C. § 2253(c)(2). The standard is perhaps best phrased as follows:

> In requiring a "question of some substance," or a "substantial showing of the denial of [a] federal right," obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are "adequate to deserve encouragement to proceed further."

*Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980) (quoting *United States ex rel. Jones v. Richmond*, 245 F.2d 234 (2d Cir.), *cert. denied*, 355 U.S. 846, 78 S. Ct. 71, 2 L. Ed. 2d 56 (1957)).

In this case, Petitioner's claims are clearly without merit, and he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore **DENIES** a

---

[4] The Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)(3), does not apply to appeals of orders denying § 2255 motions. *Hereford v. United States*, 117 F.3d 949, 951 (6th Cir. 1997); *cf. McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases). Rather, to seek leave to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the $105 filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must seek permission from the district court under Rule 24(a) of the Federal Rules of Appellate Procedure. *Hereford*, 117 F.3d at 952. If the motion is denied, the prisoner may renew the motion in the appellate court.

Case 1:01-cr-00061 Document 120 Filed 03/17/06 Page 10 of 11 PageID #: 20

certificate of appealability.

Fed. R. App. P. 24(a) further requires the district court to certify in writing whether the appeal is taken in good faith. For the same reasons the Court denies a certificate of appealability, the Court determines that any appeal in this case would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Petitioner is not taken in good faith, and he may not proceed on appeal *in forma pauperis*. *United States v. Atkins*, 171 F. Supp. 2d 769 (W.D. Tenn. 2001). No certificate of appealability will issue as Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c).

An Order shall enter.